, Arthur Hadnot v. The State.

No. 6271. Decided November 23, 1921.

**Intoxicating Liquors—Possession of Equipment—Repeal of Statute.**

Where, upon trial of having in possession equipment for the making of intoxicating liquor, defendant was convicted and appealed, the judgment must be reversed and the cause dismissed, because of the recent amendment of the Dean Law, omitting therefrom the making penal of the possession of equipment for the manufacture of intoxicating liquor, as this amendment amounts to a repeal, etc., and the judgment must be reversed and dismissed. Following Cox v. State, 90 Texas Crim. Rep., 256.

Appeal from the District Court of Jasper. Tried below before the Honorable Geo. E. Holland.

Appeal from a conviction of having in possession equipment for the manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Blake & Neel,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

ON REHEARING.

November 23, 1921.

LATTIMORE, Judge.—Our attention was not called, at the time the original opinion herein was handed down, to the fact that the Special Session of our Legislature in its recent amendment to the Dean Law omitted therefrom the making penal of the possession of equipment for the making of intoxicating liquor. This of necessity amounts to a repeal of the provisions of said law making possession of such equipment a crime, and other provisions of our statute require that all pending cases against parties charged with violations of such repealed statute, be dismissed. This question was passed upon by this court in Cox v. State, 90 Texas Crim. Rep., 256, recently decided. For the reasons stated and upon the authority of that case, the motion for rehearing is granted and the judgment is reversed and ordered dismissed.

*Reversed and dismissed.*